IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Juliann Ascenzo, | ) | Civil Action No. 2:19-0852-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Kirstjen M. Nielsen, | ) | |
| Defendant. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 11) recommending that this matter be transferred to the District Court for the Eastern District of North Carolina. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and transfers this action to the District Court for the Eastern District of North Carolina.

I. **Background**

Plaintiff proceeds *pro se* to bring suit under Title VII of the Civil Rights Act of 1964 and the Government Employee Rights Act of 1981, alleging that the Transportation Security Administration unlawfully discriminated against her while she was employed at the Raleigh Durham International Airport in North Carolina. After Plaintiff initiated her action in the District of South Carolina, the Magistrate Judge ordered that she answer a Special Interrogatory inquiring why suit was not brought in the Eastern District of North Carolina pursuant to the Title VII venue provision. (Dkt. No. 7.) Plaintiff responded that she assumed her employment records travelled to this District when she was transferred and "respectfully requests the case be transferred to the Eastern District of North Carolina based upon where the alleged retaliatory/discriminatory actions too place—Raleigh Durham International Airport." (Dkt. No. 9

-1-

at 2.) The Magistrate Judge now recommends that this action be so transferred, to which Defendant filed no objection.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

The Court finds that the Magistrate Judge appropriately concluded that this matter should be transferred to the District Court for the Eastern District of North Carolina. The Title VII venue provision mandates that:

> Such an action may be brought [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such as to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, Plaintiff's claim could have been brought in the Eastern District of North Carolina as the district in which the alleged misconduct took place. Transfer to that district, rather than dismissal, is in the interest of justice: Plaintiff's action for relief under Title VII must be brought within ninety-days of the agency's final determination, witnesses and documentary evidence are likely available in the Eastern District of North Carolina at the Raleigh Durham International Airport, and Defendant did not object to the R & R that Plaintiff's requested transfer be allowed.

For these reasons, the Court finds that the District Court for the Eastern District of North Carolina is a proper venue for Plaintiff's Title VII claims and that a transfer to that district, rather than dismissal, is in the interest of justice.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 11) as the Order of the Court and **TRANSFERS** this action to the District Court for the Eastern District of North Carolina.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 2⁴, 2019
Charleston, South Carolina